Pro Se
MELODY THOMPSON
3249 Mountain Street
Lake Elsinore, CA 92530
Telephone: (951)545-2959
Facsimile: (310) 993-7770
MelodyTsells@yahoo.com
Pro Se

Melody Thompson



UNITED STATES DISTRICT COURT

CENTRAL COURT OF CALIFORNIA

| MELODY THOMPSON, | CASE NO.: EDCV19-00122 R (SHK) |
|---|---|
| Plaintiff, | COMPLAINT FOR: |
| v. | 1. FALSE ARREST (42 USC 1983) |
| RIVERSIDE COUNTY SHERIFF DEPARTMENT, OFFICER MOON, as an individual, and Does 1-30 | 2. MALICIOUS PROSECUTION |
| | 3. CRIMINAL DEFENSE REIMBURSEMENT |
| Defendants. | 4. PUNITIVE DAMAGES |

Plaintiff, [Melody Thompson], alleges as follows:

## I.
## JURISDICTION

1. This civil action is brought for the redress of alleged deprivations of Constitutional rights as protected by on 42 U.S.C. 1983,1983 and the First, Fourth and Fourtteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. 1331 AND 1343 (1), (2), (3) and (4), and the aforementioned statutory and Constitutional provisions.

## II.
## VENUE

2. Venue is proper in the Central District of California. The injury occurred

---
1
COMPLAINT FOR MELODY THOMPSON

in the County of Riverside, CA On information and belief, the plaintiff alleges that defendants reside with the jurisdictional limits of this court.

### III.

### PARTIES

3. Plaintiff is an individual who at all times resided in the State of California, County of Riverside.

4. Plaintiff Melody Thompson, is suing for violations of her civil rights under 42 U.S.C. 1983.

5. At all times mentioned herein, defendants, and each of them, were and now are Residents of the County of Riverside, State of California.

6. At all times mentioned herein, defendant, Riverside County Sheriff is and at all times Mentioned herein, was a duly organized public entity, form unknown, and existing under laws of State of California.

7. Plaintiff is informed and believe, and upon such information and belief alleges that Defendant OFFICER MOON, is, and at all times herein mentioned was an individual residing in the County of Riverside, State of California, and that at all times relevant to the Complaint is, and was, a duly appointed and acting as an officer of the Riverside County Sheriff Department, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages Of the COUNTY of Riverside, and/or the State of California.

### GENERAL ALLEGATIONS

1. This action is brought and initiated by Melody Thompson under the laws and protection of Riverside County for False Arrest and Malicious Prosecution. By this action, Melody Thompson seeks to hold Officer Moon responsible for false arrest and the failure of Riverside County Sheriff Department to protect Melody Thompson from such actions. Additionally, The Riverside County Sheriff Department became complicit when the filed unwarranted criminal charges against Melody Thompson in the City of Riverside, in the State of California.

2. Plaintiff is a residence of Lake Elsinore, California and herein remains.

3. The Plaintiff is informed and believes, and based thereon alleges, that Defendant is a Riverside County Sheriff located in the City of Riverside in the State of California. The Principal place of administration for the Riverside County Sheriff is at the County Building.

4. Melody Thompson is informed and believes, and based thereon alleges, that Riverside County Sheriffs, agents, directors, representatives, employees, officials, or affiliates, at all times relevant to this action had a legal and supervisory interest in Officer Moon, whether as directors, administrators, employers, officials, affiliates, superiors, counselors, or managing officers as alleged herein.

5. Melody Thompson is informed and believes, and based thereon alleges that the Riverside County Sheriff Department is responsible to protect citizens appropriately from inappropriate conduct in some manner consistent to those rules under the State and Federal Constitution as alleged herein.

6. Melody Thompson is informed and believes, and based thereon alleges, that Defendant, Riverside County Sheriff Department (hereinafter "RCSD") is responsible for regulation and supervision of Officer Moon, of, officers, supervisors, directors, employees, officials, or affiliates, at all times relevant to this action had legal interest in Officer Moon as director, administrator, officials, affiliates, representatives, overseers, directors, agent, or managing officers failed in that capacity to prevent further harassment as alleged herein.

7. Melody Thompson is informed and believes, and based thereon alleges, R C S D is therefore, responsible in some manner for the derelict of duties contrary and in violation of not following State and United State Codes against False Arrest as alleged herein.

8. Melody Thompson is further informed and believes, and based thereon alleges RCSD has an legal interest in Officer Moon, whether as an, director, officer, manager, representative, employer, and/or affiliate, and is, therefore, responsible in some manner for the false arrest actions of Officer Moon as alleged herein.

9. Melody Thompson is informed and believes, that Defendant, Officer Moon is an Officer at the Riverside County Sheriff Department. Melody Thompson encountered Officer Moon at the Old Court House in Riverside, California, Shortly thereafter, Melody Thompson was falsely arrested.

///

10. The true names and capacities of DOES 1 through 30, inclusive, are unknown to the Plaintiff, which therefore sues said defendants by such fictitious names pursuant to Code of Civil Procedure section 474. When the true names and capacities of said fictitiously named defendants have been ascertained, the Plaintiff will seek leave of this Court to amend this Complaint to insert the true names and capacities of said defendants in lieu of such fictitious names.

11. Melody Thompson is informed and believes, and based thereon alleges, that at all relevant to this action, DOES 1 through 30, inclusive, have a legal interest in Officer Moon and the appropriate supervision of officers located thereon, whether as directors, officers, manager, counselors, employers, employees, administrators, affiliates, agents, or managing officers.

12. Whenever in this Complaint reference is made to any act of Defendants, such allegation shall be deemed to mean each and every individually named Defendant, their officers, directors, agents, managers, representatives, employees, or affiliates, or DOES 1 through 30, inclusive, who authorized such acts while engaged in the supervision, management, direction or control of the affairs of Defendants at the Defendants' direction, while acting within the course and scope of their duties.

13. Petitioner had a court hearing at the Riverside County Court House on January 20, 2017 in Department 8 for a trust litigation hearing on an 850 petition. Petitioner's court time was changed. She decided to go back to the car to inform her son to wait to pay for parking. As the Petitioner started to leave the building, she saw two people in the metal detector area, one sitting in the chair while the other performed metal detector procedures. Petitioner asked a simple question regarding the time change." Clerks change the time," stated the worker.

14. Petitioner responds,' I'm glad that Trump is being inaugurated today, because the government will be given back to the people.' The person sitting in the chair responded, I don't like Trump because he's racist. Petitioner said," oh, no, he's not racist, but you must view many news outlets for the proper assessment."The worker replies, "I don't want to hear this!!"

15. Petitioner invited the lady to further their discussion and they both started walking

toward the courtyard. As Petitioner looked up, Sheriffs were aggressively walking toward her.

16. The female officer was yelling," leave the court house now!" Petitioner was in shock. She wondered if she was speaking to her. As Moon continued to yell and got closer, she seemed out of control. At that point, Petitioner requested to speak to a watch commander, she stated, 'you are under arrest. She then aggressively hand cuffed Petitioner and pushed her into the metal detector area . Petitioner again, asked to speak to the watch commander.

17. A Corporal Officer, Identified himself as the watch commander. He allowed Moon to stay in control. They then paraded Petitioner through the court house to a basement area. Moon continued her abusive behavior and searched Petition's brief case. The actual watch com-mander, and a sergeant joined the officers. They were questioning the Petitioner. She said," if she is under arrest, she would speak only to her attorney." The sergeant explained, she was only being detained. If she cooperated there would be no arrest. They kept trying to make Petitioner agree that she did something worthy of being arrested. She would not agree because she did nothing wrong. Petitioner told them that it was very important she gets to her hearing. They had informed the judge they had her. This also horrified her as she needed the judge to view her in a positive light. They held her for approximately 70 minutes. They then cited and let her go.

18. Petitioner's whole future flashed before her eyes. She wouldn't be able to continue law school and would lose all her current licenses. Petitioner therefore hired a criminal defense attorney to defend herself against the false allegations. The District Attorney rejected the case.

## FIRST CAUSE OF ACTION

### (False Arrest) 42 U.S. Code ss 1983

19. Plaintiff repeat and reallege as if fully set forth herein the allegation set forth in allegations contained in paragraphs number 1 through 18.

20. Officer Moon falsely arrested Melody Thompson. In the United States our right to move freely is a civil right. That right cannot be violated lightly. Officer Moon did not follow proper protocol of a reasonable officer before making an arrest. The RCSD breached their duty when it failed to protect Melody Thompson from the further bullying of others in addition to Moon. Officer Moon was the direct and proximate cause of the false arrest.

Melody Thompson was humiliated as she was paraded through the Court House in front of her adversaries to whom she had to face in court soon after. She was further harassed after the false arrest as the sheriffs followed her into her court room. She struggled to maintain her demeanor as she argued her case for the sake of her law suit and others relying on her. The Sheriffs remained in the court room as she argued her case. This action could have further prejudiced the judge against her as the Sheriffs already informed the judge earlier that they had Melody Thompson in custody. Petitioner lost her case in the sum of $200,000.00

## SECOND CAUSE OF ACTION

### (Malicious Prosecution) Code 1501

21. Plaintiff repeat and reallege as if fully set forth herein the allegations contained In paragraphs numbered 1-18.

22. That the Defendant Riverside County Sheriff Department filed intentional criminal charges against Melody Thompson. The defendant had access to a video that demonstrated that Officer Moon had no constitutional grounds to arrest Melody Thompson. Regardless, the Riverside County Sheriff's Department still proceeded with criminal charges. Melody Thompson attempted to gain justice by reporting the incident to the Riverside County Sheriff's Department, but was informed that she could not launch a complaint as long as criminal charges were pending against her. This time framed was extended due to her arrest date being changed. The Riverside County Sheriff's claimed that they could not legible read the arrest date. Melody Thompson, then proceeded to contact other government entities that could assist her in obtaining justice, but was constantly redirected back to the officers that originally harassed and attempted to intimidate her in the basement of the Riverside County Old Court House.

### PRAYER FOR RELIEF

#### To the first cause of action

WHEREFORE Plaintiff respectfully request that judgment be granted as follows:
Awarding compensatory damages for reimbursement for being falsely arrested and humiliated

prior to a trust hearing in the sum of $200,000.00. In addition pursuant to code: 4372, the plaintiff's pain and suffering as authorized under United States Civil code.

### As to the second cause of action

WHEREFORE Plaintiff respectfully request that judgment be granted as follows: Award compensatory damages for reimbursement to defend against a malicious lawsuit Infliction distress/and loss wages in the sum of $25,000. In addition, RCSD were aware of this type of harassment being perpetrated against American Citizen, but did nothing to correct it. Plaintiff is requesting punitive damages as well as pain and suffering as authorized under United States civil code 4372. And any additional compensation or relief that the court sees fit.

Law Firm:  Pro Se
Plaintiff:  Melody Thompson
Signature_____

### REQUEST FOR JURY TRIAL

Plaintiff request trial by jury.

Signature_____

///
///